UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melinda C. Rose,                                                Civ. No. 20-746 (PAM/ECW)

           Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Costco Wholesale Corporation,

           Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff Melinda Rose worked as a receiving manager at the Eden Prairie, Minnesota, warehouse of Defendant Costco Wholesale Corporation. (Def.'s App'x (Docket No. 29) Ex. 1 (Rose Dep.) at 39.) In the summer of 2019, Rose took leave under the Family and Medical Leave Act ("FMLA") after she began experiencing symptoms of fibromyalgia, depression, and anxiety. (Id. at 131, 135-36.) She returned to part-time work in September 2019. (Id. at 142-43.) In late October, she complained in writing to the store's general manager that her supervisor had made what Rose viewed as discriminatory comments about her disabilities.[1] (Def.'s App'x Ex. 6.)

---

[1] Specifically, Rose asserted that her supervisor asked her whether she should be at work, told her not to take physician calls at the receiving desk because it made other employees uncomfortable, and criticized her for engaging in "idle chatter" with other employees. (Def.'s App'x Ex. 6.)

Before she returned to work full-time in November, her physician imposed several permanent restrictions on her activity: a 30-pound lifting restriction, no forklift operation or even being around forklifts because she could not wear the Costco-required steel-toed boots, and that she be allowed to sit for 10 minutes every hour and change positions every 30 minutes. (Id. Exs. 7, 8.) Rose worked eight-hour days on November 21, 22, 23, and 26 and contends that, with the assistance of her team, she was able to do so without violating her restrictions. (Rose Dep. at 178.) On November 27, Rose met with the general manager and her supervisor to review her activity restrictions. (Id. at 180.) Costco ultimately determined that Rose could not perform the duties of a receiving manager with her restrictions and placed her on unpaid leave. (Def.'s App'x Ex. 14 (French Decl.) ¶ 16.) According to Costco, for the next year it attempted to find another position Rose could perform with her restrictions and was unable to do so. Pursuant to its policy, Costco terminated Rose's employment after that 12-month period.

Rose's Complaint raises three claims under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq. Count One claims a failure to accommodate Rose's disability as the MHRA requires. Count Two asserts that her placement on unpaid leave was a constructive discharge and constituted disability discrimination under the MJRA. Count Three contends that her constructive termination and Costco's failure to accommodate her disability were in retaliation for her complaints regarding her supervisor in October 2019. Costco now seeks summary judgment, arguing that there are no genuine issues of fact to be resolved and that Costco is entitled to judgment as a matter of law.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**A.     Failure to Accommodate**

The MHRA requires employers "to make reasonable accommodation to the known disability of a qualified disabled person."[2] Minn. Stat. § 262A.08, subd. 6. A "qualified disabled person" is "a disabled person who, with reasonable accommodation, can perform the essential functions required of all applicants for the job in question." Id. § 363A.03, subd. 36(1). The "'essential functions' are 'the fundamental job duties of the employment position.'" McBee v. Team Indus., Inc., 925 N.W.2d 222, 230-31 (Minn. 2019) (quoting 29 C.F.R. § 1630.2(n)(1)). To determine what functions are essential, the Court considers factors such as:

> (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; and (5) the current work experience of incumbents in similar jobs.

---

[2] At least for the purposes of this Motion, the parties do not dispute that Rose has sufficiently established that she is disabled within the meaning of the MHRA.

3

Moritz v. Frontier Airlines, Inc., 147 F.3d 784, 787 (8th Cir. 1998) (citation omitted) (internal quotation marks omitted).

The MHRA requires employers to make "reasonable accommodations" to enable a disabled employee to perform a job, including "(a) making facilities readily accessible to and usable by disabled persons; and (b) job restructuring, modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices and the provision of aides on a temporary or periodic basis." Minn. Stat. § 363A.08, subd. 6. "An employer, however, is not required to make such an accommodation when it will result in an 'undue hardship.'" Kammueller v. Loomis, Fargo & Co., 383 F.3d 779, 787 (8th Cir. 2004) (quoting Minn. Stat. § 363A.08, subd. 6).

Costco argues that Rose could not perform the essential functions of the job of receiving manager, pointing to the written job description. (Docket No. 29-2.) This description includes the ability to occasionally[3] lift and carry up to 50 pounds, both above and below the waist, and requires the individual to use a forklift. (Id. at 1, 2.) Costco also notes that all employees are expected to help customers lift heavy objects often weighing more than 40 pounds, in excess of Rose's lifting restrictions. Rose testified that, before she became disabled, she helped customers lift heavy items on a daily basis. (Rose Dep. 104-105.) And, as Costco argues, "an employer is under no obligation to reallocate the essential functions of a position that a qualified individual must perform." Moritz, 147 F.3d at 788.

---

[3] The job description defines "occasionally" as up to two and one-half hours per shift. (Id. at 2.)

4

However, evidence that an employer has accommodated an employee's disability or that the employee successfully performed her duties despite that disability, can create a question of fact as to whether the accommodation is a reasonable one. See McBee, 925 N.W. 2d at 231. Here, Rose contends that her successful transition back to full-time work in late November 2019 belies Costco's insistence that she could not perform the essential functions of the job and that the accommodation she requested was unreasonable. Rose points out that heavy lifting is an infrequent part of the receiving manager job, and that her coworkers were willing and able to lift anything Rose could not. Rose also notes that her doctor imposed a forklift restriction because of Costco's steel-toed-boot requirement, and that at other store locations, store managers allowed employees in the receiving area to wear composite boots that fit within Rose's physical restrictions. With composite boots, Rose's forklift limitations would not apply.

An "employer's judgment [as to what functions are essential], . . . although highly probative, is merely evidence and is not conclusive." Kammueller, 383 F.3d at 786. In Kammueller, an employee became disabled but continued to perform his job duties for several months. The Eighth Circuit Court of Appeals found that his successful performance of his job created "a material question of fact . . . as to whether a reasonable accommodation exist[ed]," making summary judgment inappropriate.

Although Costco argues that it cannot accommodate Rose's lifting restrictions—now increased to 40 pounds—without "undue hardship," its reasons are speculative. It contends that there might be times when Rose is alone in the receiving department and thus there would be no other employees available to help her lift heavy items. It notes that Rose

5

testified that she arrived before other employees and left after those employees went home. But even if a shipment of heavy goods arrived in the 15- to 30-minute window during which Rose might be alone in the department, Costco has not established that a vendor would be unduly burdened by waiting a few moments for another employee to arrive and assist with lifting items.

At this stage, the Court must take the evidence in the light most favorable to Rose. The fact that she was able to perform the job with no difficulties for a week before Costco determined that her restrictions rendered her unable to do so creates a question of fact as to her ability to perform the job as well as whether Costco could reasonably accommodate her restrictions. A jury must resolve that factual dispute.

**B.     Disability Discrimination**

To establish disability discrimination under the MHRA, Rose must first establish that she is a disabled individual who is otherwise qualified to do her job, and that she suffered an adverse employment action. Hoover v. Norwest Private Mortg. Banking, 632 N.W.2d 534, 542 (Minn. 2001). If she can establish that prima facie case, the burden shifts to Costco to articulate a legitimate, non-discriminatory reason for the adverse employment action. Id. The burden then shifts back to Rose to come forward with evidence that, if true, demonstrates that the proffered reason is a pretext for unlawful discrimination. Id.

Costco first argues that Rose cannot establish her prima facie case because she is not a "qualified individual" under the MHRA. But for the reasons discussed above with respect to her failure-to-accommodate claim, Rose has sufficiently established the elements of her prima facie case. Costco's proffered reason for placing Rose on unpaid leave is that

she could not perform the essential functions of her job. Although Rose may be able to demonstrate that she can perform the essential functions as part of her accommodation claim, the question here is not whether Costco's proffered explanation is supported by evidence, but rather whether it is a legitimate explanation. This is not a high bar, Bone v. G4S Youth Servs., LLC, 686 F.3d 949, 954 (8th Cir. 2012), and Costco has sufficiently met its burden.

The burden then shifts back to Rose to show that Costco's proffered reason was merely a pretext for discrimination. "To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the employment action was false and that discrimination was the real reason." Wilking v. Cnty. of Ramsey, 153 F.3d 869, 874 (8th Cir. 1998) (emphasis omitted) (citation and internal quotation marks omitted). Rose has not established pretext here. There is no evidence that Costco did not believe that Rose's restrictions rendered her unable to do the job. Costco has policies and procedures to evaluate an employee's physical restrictions to determine whether the employee can continue in the job despite those restrictions. Those procedures include an outside, independent consultant who assists in conducting a review of the restrictions and the relevant job. Costco followed its procedures and determined that Rose could not do her receiving manager job. It is entitled to make that judgment and Rose has no evidence other than mere supposition that this judgment was pretextual. The fact that Costco's judgment regarding reasonable accommodations may have been incorrect does not render it discriminatory. Her discrimination claim is therefore dismissed.

**C.      Reprisal**

Similarly, Rose cannot establish that her placement on unpaid leave was retaliation for her report of alleged discrimination. "Under the MHRA, to establish a prima facie case for a reprisal claim, a plaintiff . . . must establish the following elements: (1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two." Bahr v. Capella Univ., 788 N.W.2d 76, 81 (Minn. 2010) (citation and internal quotation marks omitted).

As noted above, Rose contends that in late October 2019 she reported to the store's general manager comments by her direct supervisor that Rose viewed as evincing the supervisor's discriminatory attitude toward Rose's disability. Even assuming that Rose reported what she believed was a discriminatory remark, there is no evidence of any causal link between that report and her placement on leave. Rose argues that temporal proximity can suffice to establish a connection, but nearly five weeks passed between the two events here. Moreover, as Costco argues, Rose presented Costco with her physician-imposed activity restrictions after the alleged discriminatory remark. These restrictions were an intervening event that broke any causal chain between Rose's report and her placement on leave. Rose's reprisal claim is likewise dismissed.

**CONCLUSION**

Questions of fact preclude the entry of summary judgment as to Rose's reasonable-accommodation claim, but Costco has established that it is entitled to judgment on her discrimination and reprisal claims. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Summary Judgment (Docket No. 27) is **GRANTED in part** and **DENIED in part**.

Dated: <u>Monday, February 22, 2021</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
