UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melinda C. Rose,  Civ. No. 20-746 (PAM/ECW)

          Plaintiff,

v.  **ORDER**

Costco Wholesale Corporation,

          Defendant.

---

This matter is before the Court on the parties' Motions in limine.

**A.  Plaintiff's Motion**

Plaintiff Melinda Rose's Motion asks the Court to exclude certain categories of evidence: collateral-source benefits, certain failure-to-mitigate-damages evidence, and any evidence relating to Rose's application for Social Security disability insurance benefits.

    **1.  Collateral-Source Benefits**

Defendant Costco Wholesale Corporation does not oppose this Motion insofar as it seeks to preclude admission of Rose's receipt of long-term disability benefits and unemployment benefits to offset any backpay award. Costco asks, however, that the Court reserve ruling on whether these benefits may be admissible for other purposes, such as to establish the employment benefits Costco offers. This aspect of the Motion is therefore granted without prejudice to the admission of such evidence if Costco establishes its relevance.

### 2. Mitigation of Damages

Rose argues that Costco should be precluded from offering evidence regarding Rose's alleged failure to mitigate her damages under Fed. R. Civ. P. 37(c)(1). According to Rose, Costco did not supplement its interrogatory answer regarding failure to mitigate and thus should not be allowed to use the mitigation argument at trial. As Costco points out , the evidence of Rose's efforts to mitigate her damages was within her possession, not Costco's. Thus, Rose has been aware of the evidence in support of Costco's mitigation defense throughout the case.

The Court agrees that Rule 37(c)(1) does not apply in this instance. Mitigation is one of the key damages disputes in this case, and the Court will not preclude Costco from offering evidence regarding Rose's alleged failure to mitigate her damages. This aspect of Rose's Motion is therefore denied.

### 3. Social Security Disability Insurance

Costco does not oppose this Motion because it "does not intend to offer any such evidence at trial." (Def.'s Opp'n Mem. (Docket No. 83) at 6.) The Motion is therefore denied without prejudice as moot.

### B. Defendant's Motion

Costco's Motion is supported by two separate memoranda of law. The first asks the Court to exclude evidence of lost wages Rose incurred after July 27, 2021. The second Motion contends that Rose should be precluded from offering any evidence regarding Rose's previously dismissed discrimination and retaliation claims.

### 1. Lost Wages

Costco argues that because Rose quit her job at Fleet Farm on July 27, 2021, she must be precluded from offering any evidence of lost wages after this date. Rose points out, however, that she accepted another position at Home Depot a week after she quit her job at Fleet Farm and began working at Home Depot on August 9, 2021.

Although the law is clear that Rose has an affirmative duty to mitigate her damages, whether she failed to do so, even for a short period of time, is a matter for the jury to determine when calculating Rose's damages. See, e.g., 8th Cir. Model Civil Jury Instr. 9.70. Thus, Costco may argue to the jury that the period between July 27 and August 9 should be excluded from any calculation of lost wages, but Rose may counter that argument with the reasons for her departure from Fleet Farm and the fact that she quickly secured new and, she says, better employment at Home Depot. But the Court cautions the parties that this exceedingly minor damages issue should not devolve into a mini trial. This Motion is denied without prejudice to evidence or further argument at trial.

### 2. Dismissed Claims

Rose does not oppose this aspect of the Motion because she "does not intend to offer any such evidence at trial." (Pl.'s Opp'n Mem. (Docket No. 80) at 4.) The Motion will therefore be denied without prejudice as moot.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion (Docket No. 66) is **GRANTED in part** and **DENIED in part**; and

2. Defendant's Motion (Docket No. 73) is **DENIED without prejudice**.

Dated: <u>November 30, 2021</u>                                           *s/ Paul A. Magnuson*
                                                                                                   Paul A. Magnuson
                                                                                                   United States District Court Judge