UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melinda C. Rose,  Civ. No. 20-746 (PAM/ECW)

      Plaintiff,

v.  **MEMORANDUM AND ORDER**

Costco Wholesale Corporation,

      Defendant.

---

This matter is before the Court on Defendant's oral Motion for Judgment as a Matter of Law at the close of Plaintiff's case. As stated on the record and for the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Melinda Rose brought this lawsuit several months after her employer, Defendant Costco Wholesale Corporation, placed her on unpaid leave. She raised three claims in her Complaint, but after dispositive-motion practice, the only claim remaining for trial was Rose's claim that Costco failed to offer her a reasonable accommodation for her disabilities in violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.08, subd. 6.

The evidence adduced during Rose's case in chief established that she worked as a receiving manager at the Eden Prairie, Minnesota, Costco warehouse from May 2018 until the events giving rise to this lawsuit. In the summer of 2019, Rose took medical leave because of fibromyalgia, depression, and anxiety. (Tr. Vol. I (Docket No. 94) at 65.) She

extended the leave several times, ultimately returning to part-time work in September 2019. (J. Exs. 5-7.)

Before Rose began to work full time in late November, her physician imposed permanent restrictions on her activity. (J. Ex. 10.) These restrictions prevented Rose from lifting more than 30 pounds, operating or even being around forklifts because she could not wear the Costco-required steel-toed boots, and that she be allowed to sit for 10 minutes every hour and change positions every 30 minutes. (Id. at 6.) Rose returned to full-time work on November 21, 2019, and worked four full days. (Tr. Vol. I at 80; id. Vol. II (Docket No. 95) at 240.) She testified that she did no lifting whatsoever on those days. (Tr. Vol. II at 240.)

On November 27, 2019, Rose's general manager told her that Costco would be scheduling a job-assessment meeting to discuss her activity restrictions and the receiving-manager duties. (Id. at 242.) Because forklifts are used in the receiving area "virtually all of the time" (id.) and Rose's restrictions initially stated that she could not be around forklifts, Costco informed Rose on November 27 that she could not continue working as a receiving manager. (Id.) Costco offered Rose temporary transitional duty as a front-end supervisor until the scheduled meeting (J. Ex. 15); Rose declined to accept this offer. Costco therefore placed Rose on unpaid leave pending the job-assessment meeting. (Tr. Vol. II at 248.)

Costco ultimately conducted several job-assessment meetings with Rose, in an attempt to discern whether Rose could return to the receiving-manager position in light of her restrictions, or to find a position she would accept that was within her lifting

2

restrictions.[1] (See J. Exs. 19, 22, 26.) Because a receiving manager was required to lift up to 50 pounds and Rose continued to be restricted from lifting that amount, Costco determined that Rose could not return to her previous job. (Id.) Costco also determined that Rose's suggested accommodation of having other employees assist her with lifting was not feasible, because Costco could not guarantee that such assistance would always be available. (E.g., J. Ex. 16 at 2.) After the initial job-assessment meeting, Costco provided Rose with job openings at its Twin-Cities-area warehouses every week but Rose was unable to find a position that she was interested in that could accommodate her lifting restrictions.

On November 30, 2020, Costco held a final job-assessment meeting with Rose. (J. Ex. 26.) Rose told Costco that she was willing to work as a supervisor, clerk, part-time clerk, or service assistant. Thereafter, Costco extended Rose's one-year leave of absence for two additional weeks while it explored a full-time cashier position at one of Rose's preferred warehouses. Costco determined that it could offer Rose guaranteed lifting assistance in this position, and her previous employment meant that she would earn approximately $52,000 per year, plus bonuses. (Tr. Vol. III (Docket No. 96) at 296.) Rose had previously earned approximately $78,000 per year, plus benefits, as a receiving manager. (Tr. Vol. I at 47.) On December 17, 2020, Rose declined the position and asked Costco to proceed with separating her employment. (J. Ex. 31.) Rose is now employed by CVS Health Solutions as a store manager in training, earning approximately $52,000 per

---

[1] In the fall of 2020, Rose's lifting restriction was increased to 40 pounds, and she was no longer required to change positions or sit for a certain amount of time. (J. Ex. 24.)

year.  (Tr. Vol II at 145.)

**DISCUSSION**

The Rules provide that the Court may grant a motion for judgment as a matter of law if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).  Thus, such motions

> should be granted only in those unequivocal cases where (1) in the light of the evidence as a whole, it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence, or where (2) it would be contrary to the law applicable to the case.

Peterson v. Little-Giant Glencoe Portable Elevator Div. of Dynamics Corp. of Am., 366 N.W.2d 111, 115 (Minn. 1985) (quotation omitted).  The Court must view the evidence in the light most favorable to the Plaintiff.  Id.

In this case, the parties agreed that only three elements of Rose's reasonable-accommodation claim remained for resolution:  whether Rose could have performed the essential functions of the receiving manager position at the time Costco placed her on unpaid leave if Rose had been provided with lifting assistance from her coworkers; whether providing lifting assistance would have been reasonable; and whether Costco failed to provide lifting assistance and failed to provide any other reasonable accommodation.

The Court previously denied Costco summary judgment on this issue, finding that there were genuine issues of material fact as to whether Rose's successful performance of receiving-manager duties for four days despite her lifting restrictions belied Costco's argument that occasional lifting more than 40 pounds is an essential function of the receiving manager job.  At trial, however, testimony from both Rose and her receiving-

4

department colleague, Lawrence Schaefer, established that lifting up to 50 pounds is an essential element of the receiving-manager position. (Tr. Vol II at 171 (Mr. Schaefer: "In the receiving area, you are lifting constantly."); id. at 204-06 (Rose's testimony regarding the job's lifting requirements).) Further, although Rose and Mr. Schaefer also testified that lifting assistance is often available, the evidence established unequivocally that Costco could not guarantee such assistance at all times. (E.g., Tr. Vol. II at 185-89 (Mr. Schaefer's testimony that there were not always other employees available in the receiving department to assist with lifting); id. at 202-03 (Rose's testimony that other employees were not always physically in the receiving department).)[2] Moreover, Rose testified that during those four days of full-time work, she did not do any lifting at all. (Tr. Vol. II at 240.) Thus, the four days are not evidence that Costco could have accommodated her restrictions.

Costco's decision that Rose's request for permanent lifting assistance was not reasonable is a legitimate personnel decision. As the Eighth Circuit has repeatedly noted, courts "do not 'sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination.'" Elam v. Regions Fin. Corp., 601 F.3d 873, 880-81 (8th Cir. 2010) (quoting Rodgers v U.S. Bank, N.A., 417 F.3d 845, 854 (2005)). The evidence at trial demonstrated Costco's utter lack of discriminatory intent in formulating the receiving-manager job description and in making the determination that Rose's suggested

---

[2] In addition to the lifting requirements in the receiving department itself, the evidence established that the receiving manager was required to assist customers as needed, and that such assistance included "frequently" and on a "daily" basis lifting items weighing more than 40 pounds into the customers' carts. (Tr. Vol. II at 216-17 (Rose's testimony).)

accommodation was not reasonable. More than that, the evidence established beyond a doubt that Costco went to great lengths to accommodate Rose's restrictions and find her employment that would allow her to continue working at Costco. Indeed, it was Rose who ultimately declined another full-time position at Costco—a position that she had previously indicated she would accept—despite Costco's assurances that it could accommodate her restrictions in that position. (J. Ex. 32.)

No reasonable jury could conclude from the evidence presented that Rose had established the elements of her claim. Judgment as a matter of law is therefore appropriate.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** this matter is **DISMISSED with prejudice** in favor of Defendant Costco Wholesale Corporation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, December 13, 2021         *s/ Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge